IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RENAUD PEREZ PERRY** **PLAINTIFF**

**V.** **NO: 1:05CV254-M-D**

**CITY OF SHANNON, MISSISSIPPI,** **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the Court upon the motion [53] of the Defendant, City of Shannon, Mississippi. The Defendant seeks summary judgment as to all claims alleged by the Plaintiff, Renaud Perez Perry: (1) violation of Plaintiff's First Amendment rights; (2) violation of Plaintiff's Fourteenth Amendment right to equal protection; (3) violation of Title VII as it relates to racial discrimination; and, (4) violation of Mississippi Public Policy.

### I. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required

to believe. *Reeves*, 530 U.S. at 151.

## II. SUMMARY JUDGMENT MOTION

The Plaintiff concedes the motion on all claims except: (1) Plaintiff's claim that he was denied equal protection of the law in violation of the United States Constitution, Amendment Fourteen; and, (2) Plaintiff's claim of race discrimination, in violation of Title VII of the Civil Rights Act of 1964 and of the United States Constitution, Amendment Fourteen. The Defendant's motion as it relates to claims of (1) an alleged violation of the Plaintiff's First Amendment rights; and, (2) the Defendant's alleged violation of Mississippi Public Policy is GRANTED.

### A. EQUAL PROTECTION CLAIMS

A Plaintiff may proceed under two separate rubrics in bringing a 42 U.S.C. § 1981 claim under the Equal Protection Clause. First a plaintiff may assert that as a member of a protected class he is being treated differently from other similarly situated individuals. Secondly, a plaintiff may contend that he is a "class of one" that is being treated differently from all other similarly situated individuals.

#### 1. CLASS BASED DISCRIMINATION

A plaintiff lacking direct evidence of discrimination must proceed under the burden-shifting paradigm set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792 (1973). Under this paradigm a plaintiff can create a presumption through circumstantial evidence that the defendant unlawfully discriminated against him. In situations where the plaintiff must prove his case by indirect evidence, the plaintiff must first establish a *prima facie* case of discrimination. *Auguster v. Vermilion Parish School Board*, 249 F.3d 400, 402 (5th Cir.

2001). Once a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for its decision. *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004). The plaintiff then has the ultimate burden to show that (1) the defendant's reason is not the true reasoning, but is instead a pretext for discrimination; or, (2) the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" was the plaintiff's protected characteristic. *Id.*; *see also McDonnell Douglas Corp.*, 411 U.S. 792 (1973).

For the purposes of this motion, the Defendant concedes that the Plaintiff can establish a *prima facie* case. The Defendant then offers two legitimate non-discriminatory reasons for its actions. First, that the termination decision was made in order to eliminate the position of Assistant Chief and, secondly, that the termination related to the Plaintiff's failure to get along with the Chief.

The affidavits and depositions of the Aldermen, who decided to terminate the Plaintiff, all state the Plaintiff was terminated because of the desire to eliminate his position. Elimination of a departmental position is a legitimate non-discriminatory reason for termination, especially in light of municipal budgetary constraints. Two Aldermen state that they decided to terminate the Plaintiff because of his failure to get along with the Chief. This undisputed reason is a legitimate nondiscriminatory reason for termination that may be necessary in order to run a well-ordered police department.

Thus this motion turns on whether there is a genuine issue of material fact as to: (1) the Defendant's legitimate non-discriminatory reason not being the true reason for dismissal, but the decision instead being based on pretext; or, (2) the Defendant's reason, while true, being only

one of the reasons for its conduct, and another motivating factor being discrimination based on the Plaintiff's protected characteristic. The Supreme Court has defined this process in Title VII race-based discrimination actions:

> The defendant's "production" (whatever its persuasive effect) having been made, the trier of fact proceeds to decide the ultimate question: whether plaintiff has proven "that the defendant intentionally discriminated against [him]" because of his race, The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination, and the Court of Appeals was correct when it noted that, upon such rejection, "[n]o additional proof of discrimination is *required,*" But the Court of Appeals' holding that rejection of the defendant's proffered reasons *compels* judgment for the plaintiff disregards the fundamental principle of Rule 301 that a presumption does not shift the burden of proof, and ignores our repeated admonition that the . . . plaintiff at all times bears the "ultimate burden of persuasion."

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993) (quoting *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Hicks v. St. Mary's Honor Center*, 970 F.2d 487, 493 (8th Cir. 1992) (emphasis added) (reversed by *Hicks*, 509 U.S. 502)) (internal citations and footnote omitted). Thus, once the Plaintiff has produced evidence of discrimination and has shown a genuine factual dispute as to the proffered legitimate reason for dismissal, there exists a genuine issue of material fact.

The Defendant has proffered the legitimate non-discriminatory reason of position elimination for the Plaintiff's termination. The Plaintiff contends that his position, Assistant Chief, was not eliminated, but was instead later filled by now former Chief Patterson. The only support for this contention is the Plaintiff's own statement. This

self-serving statement contradicts the record. In addition to the Aldermen's affidavits and depositions, the Defendant also presents the affidavit of Mary Lee Helms. Helms, Shannon's town clerk, is responsible for keeping personnel files. She also keeps the minutes for the Board of Alderman which include all hiring decisions. Helms' affidavit states that no one has served as Assistant Chief since the Plaintiff's departure. The Plaintiff has failed to submit one piece of evidence to support his claim. There is no proof that the stated legitimate reason for termination is pretextual.

Further, two Aldermen state that they decided to terminate the Plaintiff because of his failure to get along with the Chief. This reasoning is legitimate, undisputed, and may be necessary to run a well-ordered police department. The Plaintiff's own deposition testimony states that he had problems working with the Chief. The Plaintiff stated he would prefer working conditions in which he did not have to interact with the Chief. Additionally, the record indicates that just prior to his termination the Plaintiff was suspended at the request of the Chief. This suspension alone is enough for the Aldermen to infer animosity between the Plaintiff and the Chief. Based on the record, the secondary reason for termination is legitimate and not pretextual

Finally, the Plaintiff makes the general assertion that a jury could find that the Defendant acted with "racial overtones." The Plaintiff alleges that a jury might be able to infer the Defendant did not want a black Police Chief. The jury then might infer that acting on this illegitimate reason, the Board fired the black individual who would be the next logical appointee as Chief. The Plaintiff points only to his own termination to support his claim that the Board did not want a black Police Chief. The Plaintiff points to

nothing in the record that shows he would have been the logical next appointee. There is no support for the Plaintiff's allegations that the Defendant did not want him to be Police Chief because of his race.

Additionally, the record shows that the Board rehired a black employee at the time when the Plaintiff was terminated. The Plaintiff can not show all similarly situated members of his class were discriminated against.

Each of the Plaintiff's three contentions are speculative. The Plaintiff is unable to point to any part of the record that would support his positions. He attempts to proceed on his own subjective beliefs. Upon a motion for summary judgment the burden on the nonmoving party is to do more than simply show some metaphysical doubt. *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 81 (5th Cir. 1995). A nonmoving party must instead point to the record in supporting its claims. *Id.* The Plaintiff is unable to point to the record to support his claims.

Looking at the entire record in the light most favorable to the Plaintiff, there is not a genuine issue of material fact. No reasonable jury could determine (1) the Defendant's legitimate non-discriminatory reason is not the true reason for dismissal, but is instead a pretext for discrimination; or, (2) the Defendant's reason while true, is only one of the reasons for its conduct, and another motivating factor was the Plaintiff's protected characteristic. The Defendant is entitled to a judgment as a matter of law. The Defendant's motion for summary judgment relating to class-based discrimination under the Equal Protection Clause if GRANTED.

## 2. "CLASS OF ONE" DISCRIMINATION

Secondly, a plaintiff may allege that they are a "class of one," if he shows that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Fifth Circuit has held that in order to be successful under this type of claim, a plaintiff must also show that "illegitimate animus or ill-will" motivated officials' intentionally different treatment. *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000), overruled on other grounds, *McClendon v. City of Columbia,* 305 F.3d 314, 328-29 (5th Cir. 2002) (en banc).[1] A plaintiff in such an action must state specific facts, not mere allegations based on subjective conclusions, to support their claim. *Brinkman v. Johnston*, 793 F.2d 111, 113 (5th Cir. 2000).

The Plaintiff alleges that he was treated differently from other police officers and/or other city employees. It is undisputed that all city employees including all police officers were required to resign and then reapply for positions in their department. It is also undisputed that the Plaintiff was the only officer not rehired. The Plaintiff is able to establish that he was treated differently than other city employees and other police officers. However, that is not enough to prevail. When a plaintiff seeks protection under the Equal Protection Clause, but does not allege a violation of a fundamental freedom or discrimination against a suspect class, rational basis review of the decision is required. *FCC v. Beach Communication, Inc.*, 508 U.S. 307, 314-15 (1993).

---

[1]The Defendant asserts that the Fifth Circuit has not yet decided to allow this type of claim. The Court does not reach this issue as the matter can be decided on other narrower grounds.

The Plaintiff must therefore show that the reason for this treatment was wholly arbitrary. This "rational basis" test puts a high burden on the Plaintiff. *See, e.g., Id.* at 314-15. To withstand summary judgment a plaintiff must establish a genuine issue of material fact as to whether any rational basis could exist for the government's action. *See Bd. of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 367 (2001). In determining whether the rational basis test has been met, the Plaintiff must show that the decision was not rationally debatable. *Levi v. University of Texas at San Antonio*, 840 F.2d 277, 280 (5th Cir. 1988).

The Defendant asserts that two reasons were involved in the decision not to rehire the Plaintiff. Those reasons, as supported by affidavits and depositions, are (1) the elimination of the Plaintiff's position of Assistant Police Chief; and, (2) the Plaintiff's failure to get along with the Police Chief. The Plaintiff contends that those reasons are pretextual. While not entirely clear, it appears that the Plaintiff claims he was actually terminated because (1) he was an African-American; (2) he was "the only officer in the department who was trying to see that the law was honestly enforced"; and/or, (3) he raised legitimate complaints about the police department and the Police Chief.

As discussed above these two reasons for termination are both rationally related to running a police department. The Plaintiff must therefore establish that they are pretextual.

The Plaintiff's contention that he was discriminated against because of his race is a class-based equal protection claim as discussed above and is not a proper foundation for

a "class of one" discrimination claim.

The Plaintiff's contention that he was terminated because he was "the only officer in the department who was trying to see that the law was honestly enforced" is not supported by the record. The Plaintiff makes allegations against other officers in the police force, but he fails to show that any members of the Board of Aldermen were aware of these allegations. The Plaintiff, in his deposition, admits that he did not discuss these perceived problems in the force with Aldermen.[2] Additionally, each Alderman represents that they were unaware of these allegations. Since nothing in the record supports the contention that the Aldermen had knowledge of the misconduct of other officers, no reasonable jury could find that they used this knowledge as a pretext for their termination decision.

The Plaintiff's final contention that he was fired in retaliation for making legitimate complaints about the Chief and the police department is similarly not supported by the record. Again the Plaintiff can not show that any of the Aldermen were aware of the complaints that the Plaintiff made. None of the complaints were ever made directly to Aldermen and these individuals deny any knowledge of the complaints. Without knowledge that the Plaintiff was making complaints, it is impossible for the Aldermen to hold the complaints against the Plaintiff. Under the facts in the record, no reasonable jury could find that the Board of Aldermen engaged in discriminatory acts based on facts of which the Aldermen were not aware.

---

[2]The Plaintiff did address his concerns with the two mayors who served the City during his tenure at the police department. However, the Board of Aldermen made the decision to terminate and there is nothing in the record to show that either mayor passed on this information to the Board.

The Defendant has proffered a rational reason for terminating the Plaintiff. The Plaintiff has offered nothing more than his own self serving statements to contradict that reasoning and show that it was pretextual. This is not enough to create a genuine issue of material fact. The Defendant's motion for summary judgment as to the Plaintiff's "class of one" equal protection claims brought under 42 U.S.C. § 1981 is GRANTED.

### B. TITLE VII DISCRIMINATION

The *prima facie* case is the same for racial discrimination claims under Title VII and 42 U.S.C. § 1981 alleging race-based violations of the Equal Protection Clause. *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n. 2 (5th Cir.1996); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047-48 (5th Cir. 1996). Claims of racial discrimination under either statute are governed by the same evidentiary framework. *See Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997); *Mercantel v. State of Louisiana*, 37 F.3d 197, 198 n. 4 (5th Cir. 1994).

Thus the claim brought under Title VII is subject to the same analysis as the Plaintiff's claim under 42 U.S.C. § 1981 alleging a race-based violation of the Equal Protection Clause. Based on the forgoing analysis of that claim, the Defendant's motion for summary judgment as to the Title VII claim is GRANTED.

### C. CONCLUSION

The Defendant's motion for summary judgment is GRANTED as it relates the Plaintiff's claims of (1) a violation of protected First Amendment rights; (2) violation of right to equal protection of the laws as contemplated by the Fourteenth Amendment; (3) racial discrimination under Title VII; and, (4) violation of Mississippi Public Policy.

It is so ordered.

This the 22nd day of October 2007.

**/s/ Michael P. Mills**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**